UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS W. STOCKWELL and
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 324,

        Plaintiffs,                      Civil Case No. 15-11609
                                                      Honorable Linda V. Parker

v.

JOHN M. HAMILTON and WILLIAM B. ROUGH,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT JOHN M. HAMILTON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

On May 5, 2015, Plaintiffs Douglas Stockwell and the International Union of Operating Engineers Local 324 ("Union") (collectively "Plaintiffs") initiated this action against Defendants John Hamilton and William Rough.[1] Stockwell is a Trustee and participant in the ERISA-regulated Union Pension Fund ("Pension Fund"). He also is the Union's Business Manager and Chief Financial Officer. Hamilton served as the Union's Business Manager and as a Trustee of the Pension Fund until Fall

---

[1] The United States moved to intervene in the lawsuit in order to seek a limited stay of certain discovery, which the United States claims may seriously comprise pending criminal proceedings. On May 29, 2015, the Court granted the motion and stayed certain discovery until November 29, 2015. (ECF No. 16.) The United States recently moved to extend the stay for an additional six months. (ECF No. 42.)

2012.  Rough is a former employee of the Union's fringe benefits funds, including the Pension Fund.  In their Complaint, Plaintiffs allege that Defendants breached their fiduciary duties while acting as officers and employees of the Union and the Pension Fund, in violation of Sections 404 and 406 of ERISA, 29 U.S.C. §§ 1104, 1106.

Presently before the Court are Hamilton's Motion to Dismiss Plaintiffs' Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 29, 2015 (ECF No. 20), and Plaintiffs' Motion for Leave to File First Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 15 on September 30, 2015.  (ECF No. 31.)  In his motion to dismiss, Hamilton argues that Plaintiffs' claims are time-barred under ERISA's statute of limitations, 29 U.S.C. § 1113.  Hamilton also argues that the Union lacks standing to sue under ERISA, 29 U.S.C. § 1132(a). In their response to Hamilton's motion, filed September 30, 2015, Plaintiffs argue that their claims are timely-filed and the Union has standing.  (ECF No. 30.)  Plaintiffs further sought leave to file an amended complaint in response to Hamilton's motion in order to allege those facts necessary to establish the timeliness of their claims.  (ECF No. 31.)  In a response to Plaintiffs' motion filed October 21, 2015, Hamilton argues that Plaintiffs' proposed amendment is futile and, therefore, Plaintiffs' request for leave to file their amended pleading should be denied.  (ECF No. 35.)  Because the Court finds the facts and legal arguments sufficiently presented in the parties' pleadings, it is dispensing with oral argument with respect to the pending motions pursuant to Eastern District of Michigan Local Rule 7.1(f)  For the reasons that

follow, the Court denies Hamilton's motion to dismiss and grants Plaintiffs' motion for leave to file their proposed First Amended Complaint.

## Applicable Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## Statute of Limitations

ERISA bars actions for breach of fiduciary duty "after the earlier of (1) six years after . . . the date of the last action which constituted a part of the breach or violation, . . . or (2) three years after the earliest date on which the plaintiff had *actual knowledge* of the breach or violation." 29 U.S.C. § 1113 (emphasis added).[2]

---

[2] The statute reads in full:

4

In his motion to dismiss, Hamilton argues that the shorter three-year limitations period applies to Plaintiffs' action because the allegations in their Complaint establish that the Pension Fund Trustees and counsel for the Board of Trustees and Pension Fund had actual knowledge of the purportedly wrongful conduct more than three years before this lawsuit was filed.[3] (*See* ECF No. 20-1 at Pg ID 112.)  Because Plaintiffs are seeking recovery for the Pension Plan, Hamilton contends that the actual knowledge of other Pension Plan Trustees must be imputed to Plaintiffs to render their

---

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of–
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.  The fraud or concealment exception is not at issue in the present case.  In his motion, Hamilton argues that any asserted acts of fraud or concealment occurred after "Plaintiffs" already knew about the conduct constituting Defendants' alleged breaches of their fiduciary duties."  (ECF No. 20-1 at Pg ID 116-119.)  Plaintiffs' response, however, focuses on when *they* became aware of the conduct, rather than any acts of fraud or concealment.

[3] Hamilton also argues in his motion to dismiss that Plaintiffs' Complaint raises claims based on conduct that ceased more than six years before this lawsuit was initiated.  In response, Plaintiffs clarify that their lawsuit is not premised on that earlier conduct.

5

claims time-barred. Plaintiffs argue in response that, as their First Amended Complaint would allege, Stockwell only became a Pension Fund Trustee and the Union's Business Manager in September 2012, and he and the Union lacked knowledge of the purported wrongful conduct prior to Stockwell assuming those positions. (*See* ECF No. 30 at Pg ID 204-05; *see also* ECF No. 31, Ex. A ¶¶ 2, 15, 95-100.) In reply, Hamilton "reiterates" that where a majority of a plan's trustees were aware of the facts supporting the alleged fiduciary breach, that knowledge is imputed to a trustee seeking recovery for the plan. (ECF No. 34 at Pg ID 270.) In support, Hamilton cites *New Orleans Employers International Longshoremen's Association, AFL-CIO Fund v. Mercer Investment Consultants*, 635 F. Supp. 2d 1351, 1378 (N.D. Ga. 2009) ("*Mercer*").

"Courts have construed the 'actual knowledge' requirement [of § 1113(2)] strictly; constructive knowledge is inadequate[.]" *Mercer*, 635 F. Supp. 2d at 1378 (citing *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992)); *see also Gluck v. Unisys Corp.*, 960 F.2d 1168, 1176 (3d Cir. 1992) (describing the "actual knowledge" requirement as a "stringent requirement"). Quoting "[a] leading case on the actual knowledge exception[,]" the Sixth Circuit Court of Appeals has stated that " '[t]o charge [the plaintiff] with actual knowledge of an ERISA violation, it is not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues.' " *Rogers v. Millan*, No. 89-3707, 1990 WL 61120, at *4 (6th Cir. 1990) (quoting *Brock v. Nellis*, 809 F.2d

6

753, 755 (11th Cir. 1987)). As some courts have observed, " 'Section 1113 sets a high standard for barring claims against fiduciaries prior to the expiration of the section's six-year limitations period.' " *Reich v. Lancaster*, 55 F.3d 1034, 1057 (5th Cir. 1995) (quoting *Gluck*, 960 F.2d at 1176); *Montrose Med. Grp. Participating Savings Plan v. Bulger*, 243 F.3d 773, 787 (3d Cir. 2001). Courts have found that " 'Congress evidently did not desire that those who violate [ERISA fiduciary] trust could easily find refuge in a time bar.' " *Rogers*, 1990 WL 61120, at *4 (quoting *Brock*, 809 F.2d at 754) (bracketed language added here).

In *Mercer*, the District Court for the Northern District of Georgia addressed the issue of whether the actual knowledge of trustees other than the trustee named as the plaintiff should be imputed to the plaintiff, resulting in his action being barred under ERISA's three-year limitations period. 635 F. Supp. 2d at 1379. The plaintiff in *Mercer*, like Hamilton, became a trustee and learned of the defendants' alleged breaches of fiduciary duties less than three years before filing suit. *Id*. Although finding that no circuit court had addressed whether the three-year statute of limitations bars an action in such a case and that the few district courts confronting similar situations, with one exception, declined to find the three-year limitations period applicable, the court held that the actual knowledge of the other trustees should be imputed to the plaintiff and concluded that the three-year limitations period therefore barred the lawsuit. *Id*. at 1379-80. The court reasoned that a contrary result would enable plaintiffs "to avoid the three-year actual knowledge statute of limitations

7

through careful selection of the named plaintiffs." *Id*. at 1380.  According to the court, "this is an impermissible manipulation of the statute of limitations." *Id*.

As the *Mercer* court recognized, however, the majority of courts considering the issue reached a contrary decision and held that only the actual knowledge of the named plaintiffs determines when ERISA's three-year limitations period begins to run. *Id*. at 1380 (citing *Landwehr v. DuPress*, 72 F.3d 726, 732-33 (9th Cir. 1995); *Mason Tenders Dist. Council Pension Fund v. Messera*, 958 F. Supp. 869, 882-83 (S.D.N.Y. 1997); and *Useden v. Acker*, 734 F. Supp. 978, 980 (S.D. Fla. 1989)).  In other words, the decision in *Mercer* is an outlier–a point that Hamilton fails to share with this Court.  For example, in *Useden*, the District Court for the Southern District of Florida refused to attribute the knowledge of one trustee to the successor trustee who was the named plaintiff.  734 F. Supp. at 980.  Similarly in *Messera*, the District Court for the Southern District of New York held that "[a]ctual knowledge is measured from the standpoint of the trustees who commenced the lawsuit and cannot be attributed to them by the knowledge of prior trustees or other current trustees." 958 F. Supp. at 882.

The *Messera* court relied on two decisions reaching the same result (notably cases not identified by the District Court for the Northern District of Georgia in *Mercer*): *Crimi v. PAS Industries, Inc.*, No. 93 Civ. 6394, 1995 WL 272580 (S.D.N.Y. May 9, 1995) and *New York State Teamsters Council Health & Hospital Fund v. Estate of DePerno*, 816 F. Supp. 138 (N.D.N.Y. 1993).  In *Crimi*, the court concluded

that ERISA's shorter limitations period did not bar the action filed by trustees of a pension fund even though another trustee (not named as a plaintiff) was aware of the alleged ERISA violations more than three years before the lawsuit was initiated. 1995 WL 272580, at *3. The court reasoned:

> Most consonant with the language of the statute and the purposes of ERISA is the interpretation that any trustee who sues as plaintiff and does not have actual knowledge of the relevant facts sufficient to make an ERISA claim may avail himself of the six year limitations period. In the context of what constitutes actual knowledge, courts have construed the "actual knowledge" provision narrowly. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1176 (3d Cir. 1992). In light of Congress's clear purpose to protect plan assets, a narrow construction of limitations of actions brought by plan trustees is preferable. . . . where one or more trustees have failed to pursue an ERISA claim (whether or not such failure amounts to a fiduciary violation), another trustee who has no actual knowledge of the underlying facts– even a successor– should not be unduly restricted from pursuing claims to protect the integrity of plan assets. Indeed, section 413(b) [29 U.S.C. § 1113(2)] itself addresses a "plaintiff" with actual knowledge. Since each trustee has an obligation to protect the plan assets, each has an obligation to seek enforcement and to be such a plaintiff where necessary. Because the enforcement statute allows any fiduciary to sue, it would be inconsistent to provide a shorter limitations period for a plaintiff trustee due to the actual knowledge of another trustee, whether or not a co-plaintiff.

*Crimi*, 1995 WL 272580, at *3. The District Court for the Southern District of New York relied on this reasoning in *Messera*, as did the Bankruptcy Court for the Eastern District of Michigan in *In re Trans-Industries, Inc*., 538 B.R. 323, 351 (2015) This Court likewise finds this reasoning persuasive. Moreover, § 1113 expressly states that the three year limitations period begins to run "after the earliest date on which *the plaintiff* had actual knowledge." 29 U.S.C. § 1113(2) (emphasis added). The plain

language of the statute clearly reflects that Congress did not intend the limitations period to run from the actual knowledge of anyone other than *the* person bringing suit.

In short, Plaintiffs allege in their proposed First Amended Complaint that they had actual knowledge of the claimed breaches or violations of Defendants' fiduciary duties less than three years before filing this lawsuit. The Court holds that only the actual knowledge of Plaintiffs is relevant to determine when ERISA's statute of limitations begins to run. As such, Plaintiffs' lawsuit is not time-barred. Moreover, for the same reasons, the Court concludes that it would not be futile for Plaintiffs to amend their complaint.

**Union's Standing**

In his motion to dismiss, Hamilton also argues that the Union lacks standing to bring this ERISA action. Hamilton contends that Plaintiffs' proposed First Amended Complaint does not cure this defect.

ERISA's civil enforcement provision empowers a limited category of plaintiffs to prosecute claims under the statute. 29 U.S.C. § 1132. Specifically, as it relates to Plaintiffs' claims, the statute provides:

A civil action may be brought–

. . .

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;[4]

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of

---

[4] Section 1109 reads:

a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

29 U.S.C. § 1109.

> the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132. The list of entities empowered by § 1132 is exclusive. *Local 6-0682 Int'l Union of Paper v. Nat'l Indus. Grp. Pension Plan*, 342 F.3d 606, 609 n.1 (6th Cir. 2003) (citing *Whitworth Bros. Storage Co. v. Cent. States, Southeast & Southwest Areas Pension Fund*, 794 F.2d 221, 228 (6th Cir. 1986)). Unions are neither participants nor beneficiaries. *New Jersey State AFL-CIO v. New Jersey*, 747 F.2d 891, 893 (3d Cir. 1984). The question here is whether the Union is a fiduciary to the extent it brings this lawsuit.

Under ERISA, a person "is a fiduciary with respect to [an ERISA] plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "Importantly, 'the same entity may function as an ERISA fiduciary in some contexts but not in others.' " *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 373 (4th Cir. 2003) (quoting *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 192 (4th Cir. 2002)). A fiduciary only has standing under ERISA's civil enforcement provision to the extent he is pursuing an action " 'related to the fiduciary responsibilities [he] possesses.' " *Id*. at 372 (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996)). In other words, "[a] fiduciary's standing is not for any and all purposes; rather a fiduciary has standing to bring actions related to the

12

fiduciary responsibilities it possesses." *Id*. The fiduciary's claims must relate to an injury to the plan or the plan's participants or beneficiaries, rather than to its own injuries. *Id*. at 373.

Although acknowledging that a union may be considered a fiduciary capable of filing suit under § 1132, Hamilton contends that "the circumstances pled in the Complaint do not affect or impede Local 324's very limited function as a [sic] an appointing fiduciary . . .." (ECF No. 20-1 at Pg ID 124.) Plaintiffs argue in response that the Union is suing in its fiduciary capacity consistent with its duties to appoint and remove trustees, as well as its duty to monitor the conduct of its appointed trustees. (ECF No. 30 at Pg ID 207.) To this end, Plaintiffs allege in their initial Complaint and Proposed First Amended Complaint that the Union "has the authority to appoint and remove trustees." (ECF No. 1 ¶ 3; ECF No. 31, Ex. A ¶ 3.)

"It is . . . well-established that the power to appoint plan trustees confers fiduciary status." *Liss v. Smith*, 991 F. Supp. 278, 310 (S.D.N.Y. 1998) (citing cases); *see also Licensed Div. Dist. No. 1 MEBA/NMU, AFL-CIO v. Defries*, 943 F.2d 474, 477-78 (4th Cir. 1991). Thus in *Defries*, the Fourth Circuit concluded that the union had standing in its ERISA claim seeking a declaration that it, not the parent union, had the authority to appoint union trustees of a benefits plan. *Id*. Here, however, Plaintiffs' claims do not relate to any act or practice which pertains to the appointing and replacing of trustees.

13

Nevertheless, "[t]he power to appoint and remove trustees carries with it the concomitant duty to monitor those trustees' performance." *Liss*, 991 F. Supp. at 311; *see also Coyne*, 98 F.3d at 1465 (citing cases and finding that the duty of appointment "carries with it a duty 'to monitor appropriately' those subject to removal.") Further, "[t]he duty to monitor carries with it . . . the duty to take action upon discovery that the appointed fiduciaries are not performing properly." *Liss*, 991 F. Supp at 311; *accord Leigh v. Engle*, 727 F.2d 113, 134-35 (7th Cir. 1984); *Utility Audit Grp. v. Capital One, N.A.*, No. 2015 WL 1439622, at *9 (E.D.N.Y. Mar. 26, 2015); *Int'l Bhd. of Elec. Workers, Local 90 v. Nat'l Elec. Contractors Ass'n*, No. 3:06cv2, 2008 WL 918481, at *7 (D. Conn. Mar. 31, 2008); *In re Bausch & Lomb Inc. ERISA Litig.*, No. 06-cv-6297, 2008 WL 5234281, at *10 (W.D.N.Y. Dec. 12, 2008). The Court acknowledges that in the cases cited, the courts were tasked with deciding whether a defendant with appointment and removal responsibilities could be held liable as an ERISA fiduciary for failing to monitor the trustees they appointed. Yet this Court believes that the principles stated in those cases apply equally to deciding whether an entity with appointing authority has standing as a fiduciary to bring an ERISA claim as one method of fulfilling the duty to take action upon discovery that an appointed fiduciary failed to perform properly.[5] In other words, if an entity is a fiduciary when

---

[5] In none of the cases Hamilton cites in his pleadings or which this Court otherwise reviewed was the court tasked with deciding whether a union, possessing the duty to appoint and remove trustees, has standing to sue a trustee who breaches his or her fiduciary duties in violation of ERISA.

named as a defendant for failing to fulfill its duties to monitor appointed trustees and to take action upon discovery that an appointed trustee is not performing properly, the same entity is a fiduciary to the extent it is bringing an ERISA claim alleging improper performance by an appointed trustee.

For these reasons, the Court concludes that the Union has ERISA standing.

Accordingly,

**IT IS ORDERED** that Defendant John M. Hamilton's Motion to Dismiss Plaintiffs' Complaint is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint is **GRANTED** and Plaintiffs shall file their proposed First Amended Complaint within seven (7) days of this Opinion and Order.

                                       s/ Linda V. Parker  
                                       LINDA V. PARKER  
                                       U.S. DISTRICT JUDGE

Dated: February 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 16, 2016, by electronic and/or U.S. First Class mail.

                                       s/ Richard Loury  
                                       Case Manager