UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS W. STOCKWELL and
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 324,

      Plaintiffs,

v.                                     Civil Case No. 15-11609
                                     Honorable Linda V. Parker

JOHN M. HAMILTON and
WILLIAM B. ROUGH,

      Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT JOHN M. HAMILTON'S MOTION FOR CERTIFICATION TO FILE INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

On May 5, 2015, Plaintiffs initiated this action against Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendants breached their fiduciary duties while acting as officers and employees of the International Union of Operating Engineers Local 324 ("Union"), in violation of Sections 404 and 406 of ERISA. Defendant John M. Hamilton ("Hamilton") filed a motion to dismiss on July 29, 2015, arguing that Plaintiffs' claims are barred by ERISA's statute of limitations, 29 U.S.C. § 1113. In an Opinion and Order entered February 16, 2016, this Court denied Hamilton's motion. Hamilton now asks the Court to certify its decision for interlocutory

appeal pursuant to 28 U.S.C. § 1292(b).  (ECF No. 54.)  Defendant William B.

Rough filed a notice of concurrence in Hamilton's request on March 11, 2016.

(ECF No. 57.)  Hamilton's motion has been fully briefed.  (ECF Nos. 59, 61.)

A district court has the discretion to grant a party permission to appeal a

non-final order "if: (1) the order involves a controlling question of law, (2) a

substantial ground for difference of opinion exists regarding the correctness of the

decision, and, (3) an immediate appeal may materially advance the ultimate

termination of the litigation."  *In re City of Memphis*, 293 F.3d 245, 250 (6th Cir.

2002) (citing 28 U.S.C. § 1292(b)).  Contrary to Hamilton's assertion, these are not

factors courts weigh to assess whether certification is appropriate.  (*See* ECF No.

61 at Pg ID 709.)  Instead, as the Sixth Circuit's use of the conjunctive "and"

reflects, all three requirements must be satisfied before the court may consider

certifying a decision for interlocutory appeal.  *See Couch v. Telescope, Inc.*, 611

F.3d 629, 633 (9th Cir. 2010); *Arenholz v. Bd. of Trustees of Univ. of Illinois*, 219

F.3d 674, 675-76 (7th Cir. 2000).  The Sixth Circuit Court of Appeals has advised

district courts that interlocutory review should be "granted sparingly and only in

exceptional cases."[1]  *In re City of Memphis*, 293 F.3d at 350.

---

[1] Hamilton notes that, despite the Sixth Circuit's warning that requests for
interlocutory appeal should be "granted sparingly and only in exceptional cases," a
study concluded that the Sixth Circuit granted 72% of the § 1292 petitions filed
between 2008 and 2010.  (ECF No. 54-1 at Pg ID 566 n. 1, citing Bruce Khula,
*Can We Appeal that Now? Discretionary Interlocutory Appeals at the Sixth*

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (unpublished) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this Circuit have held that this occurs where:

> "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (unpublished)). One district court found certification appropriate where the issue "is important, complex, and merits clarification by the Sixth Circuit," as a result of intervening Supreme Court and Sixth Circuit precedent undermining an earlier decision by the Sixth Circuit. *Phipps v. Wal-Mart Stores,*

---

*Circuit*, Lexology (May 4, 2012). As the study reflects, however, few interlocutory appeals are brought to the Sixth Circuit (37 in 2011, 2010, and 2008, and 35 in 2009), and not all of these appeals are § 1292(b) appeals. *Id.* This suggests that the district courts in fact are heeding the Sixth Circuit's guidance for granting requests for § 1292(b) interlocutory appeal.

*Inc.*, No. 12-cv-1009, 2013 WL 2897961, at *4 (M.D. Tenn. June 13, 2013) (unpublished).

Hamilton seeks an interlocutory appeal with respect to the Court's rejection of his argument that the knowledge of other Union trustees must be imputed to Plaintiffs to render their claims untimely. This Court construed the "actual knowledge" requirement of § 1113 as requiring the named plaintiff to have had specific knowledge of the actual breach of duty upon which he or she sues. (ECF No. 50 at Pg ID 484-85.) In other words, the Court held "that only the actual knowledge of Plaintiffs is relevant to determine when ERISA's statute of limitations begins to run." (*Id*. at Pg ID 485.)

The Court did not find this issue complex or difficult to resolve, nor is it "novel" or one "on which there is little precedent." *See Miedzianowski*, 735 F.3d at 384; *Phipps*, 2013 WL 2897961, at *4. The Court's construction was derived easily from the plain language of the statute and Congress' evident desire to not let " 'those who violate ERISA fiduciary trust . . . find refuge in a time bar.' " (ECF No. 50 at Pg ID 483, quoting *Rogers v. Millan*, No. 89-3707, 1990 WL 61120, at *4 (6th Cir. 1990) (unpublished) (quoting *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir. 1987)).) As set forth in the Court's February 16, 2016 decision, a number of courts have considered the issue and reached the same conclusion as this Court. (ECF No. 50 at Pg ID 483-84.) Hamilton has cited one decision in which the court

reached a contrary decision: *New Orleans Employers International Longshoremen's Association, AFL-CIO Fund v. Mercer Investment Consultants*, 635 F. Supp. 2d 1351, 1379-80 (N.D. Ga. 2009) ("*Mercer*").  But as the District Court for the Northern District of Georgia recognized in *Mercer*, and as this Court found, the decision is an outlier.  Moreover, this conflicting decision does not make for "a difference of opinion . . . within the controlling circuit" or a circuit-split on the question.  *In re Miedzianowski*, 735 F.3d at 384.

For these reasons, this Court is not of the opinion that its decision denying Hamilon's motion to dismiss "involves a controlling question of law as to which there is substantial ground for difference of opinion . . .."  *See* 28 U.S.C. § 1292.

Accordingly,

**IT IS ORDERED** that Defendant John M. Hamilton's Motion for Certification to File Interlocutory Appeal under 28 U.S.C. § 1292(b) (ECF No. 54) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 23, 2016, by electronic and/or U.S. First Class mail.

s/ Shawna Burns on behalf of Richard Loury
Case Manager