UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS W. STOCKWELL and
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 324,

       Plaintiffs,

v.                                       Civil Case No. 15-11609
                                         Honorable Linda V. Parker

JOHN M. HAMILTON and
WILLIAM B. ROUGH,

       Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR STAY

On May 5, 2015, Plaintiffs initiated this action against Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendants breached their fiduciary duties while acting as officers and employees of the International Union of Operating Engineers Local 324 ("Union"), in violation of Sections 404 and 406 of ERISA. Presently before the Court is a "Motion for a Temporary and Limited Stay of Certain Discovery," filed by Intervenor United States of America on January 22, 2016. (ECF No. 42.) Plaintiffs concur in the requested stay. (ECF No. 49.) Defendant John M. Hamilton ("Hamilton") opposes the motion. (ECF No. 44.)

## Factual and Procedural Background

Plaintiff Douglas W. Stockwell ("Stockwell") is a Trustee and participant in the ERISA-regulated Operating Engineers Local 324 Pension Fund ("Pension Fund"). (ECF No. 51 ¶ 2.) Plaintiff International Union of Operating Engineers Local 324 ("Union") is a labor union operating within the Eastern District of Michigan, whose members fund the Pension Fund based on the hours or work they perform pursuant to a collective bargaining agreement to which their employers and the Union are signatories. (*Id*. ¶¶ 3, 13.) The Pension Fund is administered by a ten-member Board of Trustees. (*Id*. ¶ 14.)

Hamilton served as a Pension Fund Trustee from 1993 until 2013. (*Id*. ¶ 17.) In that capacity, Hamilton was a Pension Fund fiduciary as defined in ERISA, 29 U.S.C. § 1002(21). (*Id*. ¶ 18.) Hamilton also served as the Union's Business Manager from 2003 until 2012. (*Id*. ¶ 17.)

In their Amended Complaint, Plaintiffs allege that Hamilton breached his fiduciary duties during his tenure as a Pension Fund Trustee. Specifically, Plaintiffs allege that Hamilton took things of value (e.g., travel, food, lodging, entertainment, and other gifts and gratuities) from AA Capital Partners, Inc. ("AA Capital"), an investment advisory firm the Pension Fund hired in 2003 to invest and manage its assets. (*Id*. ¶¶ 22-23, 30, 32.) Further, Plaintiffs allege that Hamilton caused the Pension Fund to pay, with Pension Fund assets, his individual

and personal legal fees and expenses related to federal investigations and a lawsuit the United States Securities and Exchange Commission ("SEC") brought against AA Capital and its co-owner, John Orecchio ("Orecchio").  (*Id*. ¶¶ 39-44.) Proskauer Rose LLP, a Washington, D.C. law firm, represented Hamilton between October 2008 and April 2012, in connection with the federal investigations and lawsuit.  (*Id*. ¶ 29.)  The SEC subpoenaed Hamilton for an investigative deposition under oath in March 2009.  (*Id*. ¶ 55.)  During that deposition, Hamilton invoked his rights under the Fifth Amendment to the U.S. Constitution and refused to answer SEC questions.  (*Id*. ¶¶ 60, 64-67.)

In December 2015, a federal grand jury issued a nine-count Indictment against Hamilton, relating to his conduct while serving as the Business Manager of the Union.  *See* Indictment, *United States v. Hamilton*, No. 15-CR-20804 (E.D. Mich. filed Dec. 16. 2015), ECF No. 1.  In the Indictment, Hamilton is accused of violating several federal criminal laws by *inter alia* wrongfully receiving personal benefits, including extravagant meals, from unnamed business agents and other employees of the Union.  *See, e.g., id*. ¶¶ 7, 32-33, 35-37.  Hamilton has been arraigned on the Indictment and a trial date currently is scheduled for November 8, 2016.  *See* Jt. Stip. to Extension of Jury Trial Date*, Hamilton*, No. 15-CR-20804 (E.D. Mich. filed April 26, 2016), ECF No. 16.  In its brief in support of the motion to stay, the United States represents that its criminal investigation is

ongoing with respect to Hamilton's wrongdoings during his tenure as the Union's Business Manager. (ECF No. 42 at Pg ID 331.) The United States has filed the declaration under seal of one of the prosecutors assigned to the case, David A. Gardey, more explicitly detailing the federal grand jury's continued investigation into Hamilton's conduct. (ECF No. 43.)

In late May 2015, soon after Plaintiffs initiated the pending civil lawsuit, the United States moved to intervene in the action and to seek a stay of discovery. Hamilton had not yet responded to Plaintiffs' Complaint. Defendant William B. Rough ("Rough"), who had moved for an extension of time to answer the Complaint by that point, concurred with the Government's request for a stay. (ECF No. 7.) Noting "the substantial overlap between the federal criminal investigation and the claims in this civil action [which] raise issues under the Fifth Amendment . . .," Rough asserted that his interests would be impaired by proceeding with the civil case while the federal criminal investigation was pending. (*Id.* at Pg ID 41-42.) On June 12, 2015, the Honorable Terrence G. Berg granted the Government's motion and entered a six-month stay of "certain discovery." (ECF No. 16.) That stay expired on November 29, 2015. (*Id.*)

In the meantime, Hamilton had filed a motion to dismiss Plaintiffs' Complaint and an Answer to the Complaint. (ECF Nos. 20, 29.) Plaintiffs responded to Hamilton's motion and moved to file an Amended Complaint on

4

September 30, 2015.  (ECF Nos. 30, 31.)  On October 1, 2015, Judge Berg

disqualified himself from this action and the case was reassigned to the

undersigned.  (ECF No. 32.)  On February 16, 2016, this Court denied Hamilton's

motion to dismiss and granted Plaintiffs' motion to file an Amended Complaint,

which they filed on the same date.  (ECF Nos. 50, 51.)

The United States filed the pending, second motion to stay discovery on

January 22, 2016.  The United States cites to the continuing criminal proceedings

and investigation concerning Hamilton as the basis for the stay.

### Applicable Law and Analysis

"The Constitution . . . does not ordinarily require a stay of civil proceedings

pending the outcome of criminal proceedings.  *SEC v. Dresser Indus., Inc.*, 628

F.2d 1368, 1376 (D.C. Cir. 1980) (en banc) (citing *Baxter v. Palmigiano*, 425 U.S.

308 (1975) and *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970)); *see also FTC

v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v.

Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).  Nevertheless, a court

has broad discretion to stay a civil action in the face of pending criminal

proceedings.  *E.M.A. Nationwide*, 767 F.3d at 627 (citing *Fleming*, 498 F. Supp. 2d

at 1037 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).  "The

power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes in its docket with economy of time and effort

5

for itself, for counsel and for litigants . . .."  *E.M.A. Nationwide*, 767 F.3d at 626-

27 (quotation marks and citation omitted).

"[T]he strongest case for deferring civil proceedings until after the

completion of criminal proceedings is where a party under indictment for a serious

offense is required to defend a civil or administrative action involving the same

matter."  *Dresser Indus.*, 628 F.2d at 1375-76; *see also E.M.A. Nationwide*, 767

F.3d at 628 ("A stay of a civil case is most appropriate where a party to the civil

case has already been indicted . . ..").  As the Court of Appeals for the D.C. Circuit

explained in *Dresser Industries*:

> The noncriminal proceeding, if not deferred, might undermine the
> party's Fifth Amendment privilege against self-incrimination, expand
> rights of criminal discovery beyond the limits of Federal Rule of
> Criminal Procedure 16(b), expose the basis of the defense to the
> prosecution in advance of criminal trial, or otherwise prejudice the
> [criminal] case.

628 F.2d at 1376.  The Sixth Circuit has found that "courts generally do not stay

proceedings in the absence of an indictment."  *E.M.A. Nationwide*, 767 F.3d at

628.

Several factors are relevant to a court's decision whether to stay civil

proceedings:

> 1) the extent to which the issues in the criminal case overlap with
> those presented in the civil case; 2) the status of the case, including
> whether the defendants have been indicted; 3) the private interests of
> the plaintiffs in proceeding expeditiously weighed against the
> prejudice to [the] plaintiffs caused by the delay; 4) the private

6

interests of and burden on the defendants; 5) the interests of the
courts; and 6) the public interest.

*Id*. at 627 (citing *Fleming*, 498 F. Supp. 2d at 1037).  The party seeking the stay

has the burden of demonstrating " 'that there is pressing need for delay, and that

neither the other party nor the public will suffer harm from entry of the order.' "

*Id*. at 627-28 (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E.

Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).  The Sixth Circuit has stated that "[t]he

most important factor is the balance of the hardships, but the district court must

also consider whether granting the stay will further the interest in economical use

of judicial time and resources."  *Id*. at 628 (brackets, quotation marks, and citation

omitted).

　　Applying the relevant factors to the instant case, the Court begins with the

fact that Hamilton has been indicted.  On one hand, Hamilton contends that there is

"virtually no significant overlap" between the allegations asserted in the

Indictment and the civil proceedings.  (*See* ECF No. 44 at Pg Id 382-83).  On the

other hand, he acknowledges that both cases involve his activities while acting as

the Union's Business Manager and Trustee between 2002 and 2012, specifically

his acceptance of expensive meals which Plaintiffs and the United States allege

" 'had little or no pension-related business purpose.' "  (*Id*. at Pg Id 384-85,

quoting Indictment ¶¶ 53-54; *see also* ECF No. 51 ¶ 93.)  While Plaintiffs allege in

their Amended Complaint that Hamilton engaged in additional wrongdoing--

7

specifically, that he recovered some $3 million in attorneys' fees wrongfully paid on his behalf-- the United States indicates that its investigation into Hamilton's misconduct as the Union's Business Manager is ongoing.

As Hamilton acknowledges in response to the Government's motion, " 'the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action *involving the same matter*.' " (*Id*. at Pg ID 389-90, quoting *Fleming*, 498 F. Supp. 2d at 1037, emphasis added by Hamilton.) Thus, the first and second factors weigh in favor of a stay.

The third factor does not influence the Court's analysis because Plaintiffs concur in the Government's request for a stay. As relevant to the fourth factor, Hamilton contends that his strong interest in the timely resolution of this civil case will be impeded by a stay and that he "will be severely prejudiced by the granting of this [s]econd [m]otion to [s]tay, as he is concerned 'about witnesses' memories fading with the passage of time,' as well as with 'documents becoming lost and witnesses becoming unavailable.' " (*Id*. at Pg ID 395-96, emphasis removed, quoting *In re Scrap Metal Antitrust Litig*., No. 1:02-cv-0844, 2002 WL 31988168, at *2 (N.D. Ohio Nov. 7, 2002) (unpublished).) The risk of such prejudice is remote, however, because the civil and criminal proceedings significantly overlap and thus the cases presumably will involve many of the same issues, witnesses, and

evidence.  Witness testimony and documents will be preserved in the criminal proceedings.  Moreover, due to the Speedy Trial Act, there should not be an extensive delay in the adjudication of this case and thus any risk of prejudice to Hamilton caused by the delay is reduced.

The Court finds that a stay of the civil proceedings "will further the interest in economical use of judicial time and resources."  *E.M.A. Nationwide*, 767 F.3d at 628 (internal quotation marks and citation omitted).  As another court found when issuing a stay under comparable circumstances, "[t]he resolution of the criminal proceedings may serve to expedite the civil proceedings, avoiding the needless expense of judicial time and resources."  *SEC v. Abdallah*, No. 1:14-CV-1155, 2016 WL 397970, at *4 (N.D. Ohio Feb. 2, 2016) (unpublished).  Relying on yet another court's similar ruling, the *Abdallah* court explained:

> "The conviction of a civil defendant as a result of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges."

*Id*. (quoting *In re Worldcom, Inc. Sec. Litig.*, No. 02-CIV-3288, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) (unpublished)) (brackets omitted).  Further, staying this case in favor of the criminal proceedings probably will reduce, if not eliminate, the need for discovery in the civil proceedings.  Whereas absent a stay, the Court likely will be burdened by discovery disputes, such as Defendants'

9

repeated assertions of their Fifth Amendment rights and the Government's assertion that compliance with Defendants' discovery requests risks the disclosure of sensitive information critical to its criminal investigation and to an anticipated criminal trial. *See SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1325 (N.D. Ala. 2003) (granting a stay of civil proceedings in the face of an overlapping criminal prosecution because "discovery in the case before the court has been, and will continue to be, all but meaningless, as many witnesses have, and will continue to, assert their Fifth Amendment privileges").

Finally, a stay of the civil proceedings furthers the interests of third parties and the public. A stay protects the United States' interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal proceedings. *See Dresser Indus.*, 628 F.2d at 1376 (citing *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.")). A stay also "benefit[s] the public by allowing the [g]overnment to conduct a complete, unimpeded investigation into potential criminal activity." *Healthsouth*, 261 F. Supp. 2d at 1325 (citing *Walsh Securities, Inc. v. Cristo Property Mgmt, Ltd.*, 7 F. Supp. 2d 523, 529 (D.N.J. 1998)).

10

Moreover, the criminal case will protect and advance the same interests implicated in the civil action. *See Fleming*, 498 F. Supp. 2d at 1038 (citing *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) (staying civil case brought against ERISA trustees for breach of their fiduciary duties in light of criminal proceedings against the same trustees for ERISA violations, noting that a criminal prosecution serves to enforce the public interests at stake in the civil case).

In short, the factors relevant to this Court's decision whether to stay this civil action weigh in favor of a stay. While the United States asks the Court only to renew the previously issued "temporary and limited stay of certain discovery," the stay, in reality, has resulted in a complete cessation of any progress in these civil proceedings. No scheduling order has been issued or requested, it does not appear that any discovery has been conducted, and the case is unlikely to progress without discovery. Furthermore, it is unclear what discovery is permitted and what discovery is prohibited under the requested "limited stay of certain discovery." The interests furthered by the stay will be undermined if the parties and the Court are required to litigate and resolve that question.

Additionally, while the United States requests a stay of only six months, the Court finds it more appropriate to stay the civil proceedings until the criminal action is resolved through either a plea or trial. It is not an efficient use of the parties' or the Court's time or resources to require the filing, briefing, and

11

resolution of yet another motion to stay in six months-- if the criminal action remains pending at that time.  Moreover, as stated previously, any further delay should not be extensive as the law requires the criminal case to proceed in a speedy manner.

Therefore, the Court is **GRANTING** the United States' motion to stay and is **STAYING** this action.  Any of the parties to this lawsuit are free to petition the Court to lift or modify the stay should there be a change in circumstances warranting such action.  The United States shall file an update in this case with respect to any changes to the current dates scheduled, the entry of a plea, or initiation of a trial in the criminal proceedings.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 23, 2016, by electronic and/or U.S. First Class mail.

s/ Shawna Burns on behalf of Richard Loury
Case Manager