UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS W. STOCKWELL and
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 324,

        Plaintiffs,        Civil Case No. 15-11609
                                       Honorable Linda V. Parker

v.

JOHN M. HAMILTON and
WILLIAM B. ROUGH,

        Defendants.
_____/

## ORDER REJECTING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND AFFIRMING ORDER

On May 3, 2018, Magistrate Judge Patti issued a decision granting in part and denying in part Plaintiffs' motion regarding the deposition of non-party witness John A. Orecchio ("Orecchio"). (ECF No. 92.) When the motion was filed, Orecchio was at a half-way house in Brooklyn, New York, finishing out a prison sentence for a conviction of conspiracy to interfere with commerce in violation of 18 U.S.C. § 371. Magistrate Judge Patti granted Plaintiffs' request to depose Orecchio, but denied their request to extend the deposition beyond the one-day, seven-hour limitation in Federal Rule of Civil Procedure 30(d)(1). The matter is now before the Court on Plaintiffs' objections to Magistrate Judge Patti's decision. (ECF No. 109.) Defendant John Hamilton filed a response to Plaintiffs'

objections (ECF No. 110) and Plaintiffs have filed a reply brief. (ECF 115.) The matter has been intermittently stayed and delayed since Magistrate Judge Patti issued his decision; however, the matter is now moving forward and the Court is prepared to rule on Plaintiffs' objections.

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). If two permissible views exist, the reviewing court cannot find a decision to be "clearly erroneous." *See id.* (citations omitted); *see also United States v. Dillard*, 438 F.3d 675, 681 (6th Cir. 2006).

Magistrate Judge Patti's decision to deny Plaintiffs' request to extend the time-limits for Orecchio's decision was not clearly erroneous. Magistrate Judge Patti thoroughly considered all of Plaintiffs' arguments for why the deposition

2

should exceed seven hours, many of which are the same arguments Plaintiffs assert in their objections. Notably, while Plaintiffs' objections have been pending, Orecchio has been released from custody. *See* https://www.bop.gov/inmateloc. Moreover, Plaintiffs exaggerate the complexity of this case and the scope of material to cover with Orecchio. Further, many of their arguments are speculative with respect to Orecchio's availability and how the deposition—when it does occur—will proceed.

      As Magistrate Judge Patti indicated in his decision, if Plaintiffs are unable to complete their deposition of Orecchio within the duration afforded under Rule 30(d)(1), they can then file a motion for more time. In fact, in every case this Court reviewed where an extension of time was sought and granted, the request was made after the initial deposition of the party or witness. This may explain why Plaintiffs did not cite a single case addressing an extension of Rule 30(d)(1)'s duration in their briefs to demonstrate that Magistrate Judge Patti's decision was clearly erroneous. After the deposition, a court can more aptly identify the reason(s) why the deposition could not be completed within the one-day, seven-hour limit. Extending the duration of a deposition before it occurs provides leeway for inefficient questioning not necessarily directed at the most pertinent issues that need to be explored.

For these reasons, the Court is **REJECTING** Plaintiffs' objections to Magistrate Judge Patti's May 3, 2018 order and is **AFFIRMING** that decision.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 17, 2019